# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,             :           Case No. 1:99-cr-034 (2)
                                             also 1:05-cv-145

                                             District Judge Susan J. Dlott
      -vs-                                  Chief Magistrate Judge Michael R. Merz
                                :

GREGORY WAYNE WHEELER,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Petitioner's Motion to Vacate pursuant to 28 U.S.C. §2255 (Doc. No. 75) and the Response of the United States (Doc. No. 77).

Petitioner pleads one ground for relief, to wit, that he received ineffective assistance of trial counsel because his trial attorney did not file a notice of appeal, despite being instructed to do so.

As the Government concedes, failure to file a notice of appeal on request is ineffective assistance without any showing of prejudice. *Ludwig v. United States,* 162 F.3d 456 (6th Cir. 1998); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993); *United States v. Tajeddini*, 945 F.2d 458 (1st Cir. 1991); *Estes v. United States,* 883 F.2d 645 (8th Cir. 1989); *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992); *Abels v. Kaiser*, 913 F.2d 821 (10th Cir. 1990).  The Sixth Circuit also held "We emphasize, of course, that a defendant's actual "request" is still a crucial element in the Sixth Amendment analysis.  The Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Ludwig*, 162 F.3d at 459.  In *Roe v. Flores-Ortega,* 528 U.S. 470

1

(2000), the Court rejected a *per se* rule which would require an attorney to file a notice of appeal regardless of whether the client asks. The Court held counsel must consult with the client about the advantages and disadvantages of taking an appeal when there is reason to think that a rational defendant would want to appeal or this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *See also Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).

**Statute of Limitations**

The United States asserts that the Motion is barred by the applicable one-year statute of limitations, added to 28 U.S.C. § 2255 by Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"). The year runs from any one of three dates, but the only date which is relevant here is the date on which the conviction became final. The docket reflects that judgment was entered April 14, 2000 (Doc. No. 66). The date on which an appeal could last have been filed was ten days later. Excluding intervening Saturdays and Sundays because the period involved is less than eleven days, the notice of appeal should have been filed April 28, 2000. Because it was not, the statute began to run that date and expired April 28, 2001, unless something occurred to toll its running.

Nothing happened in the case until November 5, 2002, when Defendant filed his Motion for Relief from judgment under Fed. R. Civ. P. 60(b)(Doc. No. 72). Therein he argues that it was ineffective assistance of counsel for his trial attorney to fail to file a notice of appeal, citing the controlling case law which is referenced above. He requests that he be re-sentenced so that he can file an appeal and that counsel be appointed for that appeal. He gives no reason why he believes a motion under Fed. R. Civ. P. 60(b) is an appropriate vehicle to obtain that relief, nor does he cite any authority permitting use of Fed. R. Civ. P. 60(b) for that purpose.

On January 18, 2005, Judge Dlott denied the Rule 60(b) Motion, noting that the Court could not treat the Rule 60(b) Motion as a §2255 Motion because it had been filed "after the deadline for filing a § 2255 petition had passed." (Order, Doc. No. 74, at 3.) Because neither party had addressed timeliness[1], Judge Dlott allowed Defendant ninety days in which to file a § 2255 Motion, but held "[n]othing herein shall be construed as a finding as to the timeliness or merits of a §2255 motion." *Id*. at 5. Defendant complied with that Order by filing the instant Motion on March 10, 2005.

Defendant claims the statute should be equitably tolled. The Sixth Circuit Court of Appeals has held that the AEDPA statutes of limitations are not jurisdictional and are therefore subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). While the Supreme Court has not yet decided the question, it has assumed that equitable tolling is available in these cases. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and *Lawrence v. Florida*, ___ U.S. ___, 2007 U.S. LEXIS 1334 (February 20, 2007).

In determining whether equitable tolling is appropriate, courts in the Sixth Circuit follow the test set out in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988), in which the court "specifically identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000)." *Dunlap, v. United States*, 250 F.3d 1001 (6th Cir. 2001). This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases. *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002). "Absence of prejudice is to be considered only after a factor

---

[1] The Government had not responded to the Fed. R. Civ. P. 60(b) Motion.

that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004), *quoting Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004), *quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida,* ___ U.S. ___, 2007 U.S. LEXIS 1334 (February 20, 2007).

The burden is on the petitioner to demonstrate that he is entitled to equitable tolling. *Allen v. Yukins,* 366 F.3d 396 (6th Cir. 2004); *McClendon v. Sherman,* 329 F.3d 490, 494 (6th Cir. 2003); *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir. 2002). Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. *Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003), citing *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Id.* at 561.

In *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003), Judge Moore, the author of *Dunlap*, applied it to another habeas corpus case in which equitable tolling was claimed. There the petitioner claimed lack of notice of the filing deadline, but the court held he should have known of it from decisions the Sixth Circuit itself made. If it is not unreasonable to hold a prisoner to knowledge of deadlines set by case law, it is certainly not unreasonable to expect the Defendant here would know of the one-year deadline from the statute itself. Judge Moore also found McClendon lacking in diligence, as she had with *Dunlap*. In *Dunlap* there was only a two-month unexplained delay.

Petitioner here claims he instructed his lawyer to file an appeal and "assumed in good faith that it had been done." (Motion, Doc. No. 75) He does not claim that he ever asked for copies of any of the paperwork attendant to an appeal, e.g., a copy of the notice of appeal or the brief on

4

appeal. The first time he ever did anything to check on the appeal was to write to the Sixth Circuit Clerk's office on September 3, 2002. *Id.*, Ex. A. He then received an October 8, 2002, letter from the Clerk advising that no appeal had ever been filed on his behalf. *Id.*, Ex. B. His Fed. R. Civ. P. 60(b) Motion was filed about one month later.

Mr. Wheeler does not claim ignorance of the one-year filing deadline for a §2255 motion, nor does he claim either his own lawyer or anyone on behalf of the United States misled him about that. He does not claim that his lawyer ever told him that an appeal had been filed. Rather, the Motion says "Petitioner talked to his attorney regularly by telephone and was never informed that his appeal had not [been] filed." (Petition, Doc. No. 75, at 13.) His sworn affidavit attached to the Motion says nothing about any course of conversation or correspondence with his attorney after the date of sentencing.

The Court concludes that Defendant did not exercise due diligence in protecting his rights. He waited twenty-seven months after he was sentenced to even inquire of the Court of Appeals whether an appeal was pending. In fact, he does not even say he asked his attorney directly whether an appeal had been filed; he merely assumed so for more than two years.

Once he learned that no appeal had been filed, Defendant was diligent about filing the Fed. R. Civ. P. 60(b) motion. However, he has made no showing of diligence with respect to researching why that might have been the correct request to file. As Judge Dlott has already held, it was not and a Rule 60(b) motion has no applicability in a federal criminal case. Defendant has not shown he was diligent for the period that his Fed. R. Civ. P. 60(b) Motion was pending in that he has not shown he did anything during that time to learn whether he had made the correct request for relief.

Once Judge Dlott advised him that he had to file a §2255 Motion, Mr. Wheeler acted diligently in doing so. However, there are more than four years of unexplained and unexcused delay between the final judgment and filing the §2255 Motion. Defendant is not entitled to equitable

5

tolling for that period of time. The Motion should therefore be denied as barred by the statute of limitations.

**Merits Analysis**

Even if the Court finds that Mr. Wheeler is entitled to sufficient equitable tolling to make his Motion timely, he is not entitled to relief on the merits. Although the law cited at the outset of this Report makes it clear that failure to file a notice of appeal on request constitutes ineffective assistance of appellate counsel, Mr. Wheeler has failed to prove that he made such an instruction to his counsel.

The Affidavits attached to the Motion all recite a conversation which allegedly occurred outside the courthouse on the day Mr. Wheeler was sentenced and that during that conversation, Mr. Wheeler instructed Mr. Hastings to file an appeal "and do whatever it takes to get a sentence reduction." In opposition to the Motion, the United States has obtained and filed an Affidavit of Mr. Hastings which recites that he and Mr. Wheeler did discuss the possibility of an appeal. However, Mr. Hastings also avers that he discussed the possibility that the Government would file a cross-appeal relating to the fact that Judge Dlott had departed downward from the Sentencing Guidelines and that the appeal might therefore result in a higher sentence. He specifically avers that

> 8. At the conclusion of the discussion, Gregory W. Wheeler informed me that he did not want to appeal his case and would report on May 15, 2000, for the commencement of his sentence.
>
> 9. Prior to the surrender date of May 15, 2000, Gregory W. Wheeler contacted me to request an extension of the stay of execution until May 22, 2000, which was done. At that time there was no mention of an appeal.
>
> 10. Gregory W. Wheeler also requested that I contact Warren County Child Support Agency to place them on notice

6

> regarding his impending sentence. This was done on June 17,
> 2000, again with no mention of an appeal.

(Hastings Affidavit, attached to Doc. No. 73). The Affidavit contains numerous additional facts taken from Mr. Hastings' file on his post-sentence communications with Defendant. Mr. Wheeler has never filed any contrary affidavit; indeed, he has never filed a reply to the Answer as permitted by Rule 5(d) of the Rules Governing §2255 Motions. Thus Mr. Hastings' averment that he was never finally instructed to file an appeal is uncontested. Its veracity is supported by the fact that Defendant voluntarily surrendered for service of the sentence without ever having sought a stay of sentence pending appeal.

## Conclusion

It is accordingly recommended that Defendant's §2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that he be denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

March 5, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond

to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).